# IN THE COUNTY COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
# IN AND FOR HILLSBOROUGH COUNTY, FLORIDA
# SMALL CLAIMS DIVISION

Michelle Armstrong,

*Plaintiff*,

vs.

Hunter Warfield, Inc.,

*Defendant*.

Case No.: 21-CC-057607

Division: L

Ad Damnum: **$1,000 + Atty Fees & Costs**

**JURY TRIAL DEMANDED**

## COMPLAINT AND DEMAND FOR JURY TRIAL

COME NOW the Plaintiff, **Michelle Armstrong** ("**Ms. Armstrong**"), by and through her attorneys, Seraph Legal, P.A., and complains of the Defendant, **Hunter Warfield, Inc.** ("**Hunter Warfield**"), stating as follows:

### PRELIMINARY STATEMENT

1. This is an action brought by Ms. Armstrong, an individual consumer, against Hunter Warfield for violations of the *Fair Credit Reporting Act*, 15 U.S.C. § 1681, *et seq*. ("**FCRA**").

### JURISDICTION AND VENUE

2. Jurisdiction arises under the FCRA, 15 U.S.C. § 1681p, and Section 34.01, Florida Statutes.

3. Hunter Warfield is subject to the provisions of the FCRA and to the jurisdiction of this Court pursuant to Section 48.193, Florida Statutes.

4. Venue is proper in Hillsborough County pursuant to Section 47.051, Florida Statutes, because the acts complained of were committed and / or caused by the Defendant within Hillsborough County, and Hillsborough County is the location of Defendant's main office and primary place of business.

## PARTIES

### Ms. Armstrong

5.   Ms. Armstrong is a natural person who resides in Tampa, Hillsborough County, Florida, and a *Consumer* as defined by the FCRA, 15 U.S.C. §1681a(c).

### Hunter Warfield

7.   **Hunter Warfield** is a Florida corporation with a primary business address of **4620 Woodland Corporate Boulevard, Tampa, FL 33614.**

8.   Hunter Warfield's Registered Agent is **Stephen Sobota, 4620 Woodland Corporate Boulevard, Tampa, FL 33614**.

## FACTUAL ALLEGATIONS

9.   At some time before January 2018, Ms. Armstrong entered into a lease for an apartment from American Homes 4 Rent - Florida ("**American Homes**").

10.   The apartment was Ms. Armstrong's primary residence.

11.   Around January 2018, Ms. Armstrong vacated the apartment, leaving it in good condition.

12.   American Homes later alleged that Ms. Armstrong owed $10,763 for unpaid rent, damages, and/or other fees (the "**Debt**").

13.   Around July 2018, American Homes assigned the Debt to Hunter Warfield for collection.

14.   Upon assignment, American Homes provided details about the alleged Debt to Hunter Warfield.

15. On July 18, 2018, Hunter Warfield requested a consumer credit report regarding Ms. Armstrong from Experian Information Solutions, Inc. ("**Experian**"), a nationwide *Consumer Credit Reporting Agency* ("**CRA**").

16. This request was recorded by Experian. **SEE PLAINTIFF'S EXHIBIT A.**

17. Ms. Armstrong discovered the inquiry upon review of her Experian consumer disclosure in May 2020.

18. To lawfully request a *Credit Bureau Report* ("**CBR**") from a CRA, a debt collector must be collecting a debt which arises from a *Credit Transaction* involving the consumer. *See* 15 U.S.C. §1681b(a)(3)(A); *Pigg v. Fair Collections & Outsourcing, Inc.*, No. 1:16-CV-01902-JMS-DML, 2017 WL 3034266, at *4 (S.D. Ind. July 18, 2017) (holding that a debt collection agency did not have a permissible purpose because, even where a debt exists, a "credit transaction is a necessary prerequisite" for § 1681b(a)(3)(A)).

19. A *Credit Transaction* involving the consumer is one in which the consumer voluntarily participates and enters into an agreement to receive goods or services in advance of payment, with the consent of both parties. *See Pintos v. Pacific Creditors Association*, 504 F. 3d 792, 798 (9th Cir. 2007); *Miller v. Trans Union LLC*, No. 06 C 2883 at *7 (N.D. Ill. Feb. 28, 2007); *Rodriguez v. Experian Info. Sols., Inc.*, Case No. C15-01224RAJ, at *9 (W.D. Wash. Jul. 25, 2016).

20. Neither the lease, nor any transaction between Ms. Armstrong and American Homes, constituted an extension of credit, *i.e.*, one in which the consumer voluntarily participated and entered into an agreement to receive goods or services in advance of payment, with the consent of both parties.

21. Thus, while the amount claimed owed by American Homes may constitute a "consumer debt," it is not a *credit transaction* involving the consumer. *Laramore v. Ritchie*

*Realty Mgmt. Co.*, 397 F.3D 544, 546 (7th Cir. 2005) (Affirming the district court's determination that a residential lease was not an extension of credit, stating, "The typical residential lease involves a contemporaneous exchange of consideration — the tenant pays rent to the landlord on the first of each month for the right to continue to occupy the premises for the coming month.")

22. Debt collection is a permissible reason for obtaining a credit report **only** when a debt arises from a transaction in which the debtor **voluntarily and directly seeks credit**." *Baron v. Mark A. Kirkorsky, P.C.* (Case No. 17-cv-01118, U.S.D.C., District of Arizona) *Emphasis Added*.

23. Similarly, fees for late payments, damages or other claims made by American Homes do not constitute an extension of credit.

24. As such, the Debt did not arise from a credit transaction involving the consumer.

25. Hunter Warfield thus lacked a permissible purpose for obtaining a credit report regarding Ms. Armstrong.

26. Hunter Warfield knew, or should have known, the nature of the underlying Debt, but it nonetheless requested a CBR regarding Ms. Armstrong.

27. To obtain a CBR from a CRA, the requesting party must certify its permissible purpose to the CRA.

28. Hunter Warfield thus falsely certified to Experian that it had a permissible purpose under the FCRA to obtain Ms. Armstrong's report – *e.g.,* that the Debt involved a Credit Transaction.

29. Hunter Warfield's request for Ms. Armstrong's credit report was in connection with its collection of the Debt.

30. Indeed, the Experian report contained information which Hunter Warfield used, or could have used, to collect the Debt from Ms. Armstrong.

31. Ms. Armstrong has been damaged in that her personal and highly confidential information has been obtained by an entity with whom she did not consent and had no other permissible purpose to obtain such information.

32. In July 2018, Hunter Warfield began reporting the Debt as a collection account to multiple CRAs, including Experian.

33. On information and belief, Hunter Warfield added additional fees to the Debt on its own accord, namely, interest at the rate of 4.75% annually, compounded monthly.

34. From July 2018 onward, Hunter Warfield made reports to the CRAs, alleging an increasingly larger balance was owed by Ms. Armstrong.

35. By April 2020, Hunter Warfield had reported the Debt had grown to $11,313, rounded to the nearest whole dollar, from an original balance of $10,673. **SEE PLAINTIFF'S EXHIBIT B.**

36. The agreement Ms. Armstrong signed with American Homes contained no provision authorizing the addition of interest to any collection balance.

37. Further, no Florida statute exists which allows a debt collector, or landlord, the right to add interest to an apartment debt, absent a written contract, or unless the debt was reduced to judgment.

38. At no point was any judgment entered against Ms. Armstrong for either American Homes or Hunter Warfield regarding the Debt.

39. Despite this, Hunter Warfield unilaterally imposed the interest on the Debt.

40. Hunter Warfield added interest to the Debt because it adds interest to virtually every debt it collects on, irrespective whether any contractual or statutory provision for interest exists.

41. Hunter Warfield profits from the addition of this fee since it remits the original principal balance, minus its commission, to its landlord clients which place debts for collection with it, and retains any amount assessed as interest for itself.

42. Hunter Warfield has been sued multiple times for its illegal assessment of interest and fees on non-interest-bearing consumer debts.

43. Despite this, Hunter Warfield continues to routinely assess interest on consumer debts without any contractual or legal basis.

44. Ms. Armstrong has retained the aforementioned law firm to represent her in this action and has assigned her right to fees and costs to such firm.

## COUNT I
## VIOLATIONS OF THE FCRA

45. Ms. Armstrong adopts and incorporates paragraphs 1 – 44 as if fully stated herein.

46. Hunter Warfield violated **15 U.S.C. § 1681b(f),** either willfully and intentionally or recklessly and without regard for a consumer's rights, when it requested a credit report from Experian regarding Ms. Armstrong without a permissible purpose to obtain the report.

47. Hunter Warfield's conduct renders it liable under the FCRA to Ms. Armstrong in a statutory amount up to $1,000 per incident.

**WHEREFORE,** Ms. Armstrong respectfully requests that this Court enter judgment against Hunter Warfield for:

    a. The greater of Ms. Armstrong's actual damages or statutory damages of **$1,000** per violation pursuant to 15 U.S.C. § 1681n(a)(1)(A), and / or 15 U.S.C. § 1681o(a)(1);

    b. Reasonable costs and attorneys' fees pursuant to 15 U.S.C. § 1681n(a)(3) and / or 15 U.S.C. § 1681o(a)(2); and,

    c. Such other relief that this Court deems just and proper.

## JURY TRIAL DEMANDED

Ms. Armstrong hereby demand a trial by jury on all issues so triable.

Respectfully submitted this **May 20, 2021**, by:

                                                  **SERAPH LEGAL, P.A.**

                                                  */s/ Brandon D. Morgan*
                                                  Brandon D. Morgan, Esq.
                                                  Florida Bar Number: 1015954
                                                  bmorgan@seraphlegal.com
                                                  */s/ Thomas M. Bonan*
                                                  Thomas M. Bonan, Esq.
                                                  Florida Bar Number: 118103
                                                  tbonan@seraphlegal.com
                                                  1614 N 19th Street
                                                  Tampa, FL 33605
                                                  Tel: 813-567-1230
                                                  Fax: 855-500-0705
                                                  *Attorneys for Plaintiff*

## ATTACHED EXHIBITS LIST

| | |
|---|---|
| A | Plaintiff's Experian Consumer Disclosure, May 26, 2020, Excerpt – Hunter Warfield Inquiry |
| B | Plaintiff's Experian Consumer Disclosure, May 26, 2020, Excerpt – Hunter Warfield Tradeline |

# EXHIBIT A
## Plaintiff's Experian Consumer Disclosure, May 26, 2020, Excerpt – Hunter Warfield Inquiry

5/26/2020                                      Experian - Access your credit report

**Account name**  
HUNTER WARFIELD INC

4620 WOODLAND CORPORATE BLVD  
TAMPA, FL 33614  
813 283 4500

**Date of request(s)**  
07/18/2018

Page **8** of **9**

# EXHIBIT B
# Plaintiff's Experian Consumer Disclosure, May 26, 2020,
# Excerpt – Hunter Warfield Tradeline

| | | | | |
|---|---|---|---|---|
| **Account name**<br>HUNTER WARFIELD<br><br>4620 WOODLAND CORPORATE BLVD<br>TAMPA, FL 33614<br>813 283 4500<br>**Address identification number**<br>0221541645<br><br>**Original creditor**<br>AMERICAN HOMES 4 RENT-FLORIDA | **Account number**<br>[redacted]<br><br>**Type**<br>Collection<br>**Terms**<br>1 Months<br><br>**On record until**<br>Oct 2024 | **Recent balance**<br>$11,313 as of 05/16/2020<br><br>**Credit limit or original amount**<br>$10,673<br>**High balance**<br>$0<br>**Monthly payment**<br>$0<br>**Recent payment amount**<br>$0 | **Date opened**<br>07/2018<br><br>**Date of status**<br>07/2018<br>**First reported**<br>11/2018<br>**Responsibility**<br>Individual | **Status**<br>Collection account.<br>$11,313 past due as of May 2020.<br>**Comment**<br>Account information disputed by consumer (Meets requirement of the Fair Credit Reporting Act).<br>**Your statement**<br>THIS ACCOUNT WAS THE RESULT OF UNAUTHORIZED SERVICES.<br>**Reinvestigation information**<br>This item was updated from our processing of your dispute in Apr 2020. |

**Account history**

Experian - Access your credit report

2020  May Apr Mar Feb Jan  2019 Dec Nov Oct Sep Aug Jul Jun May Apr Mar Feb Jan  2018 Dec Nov

Collection as of Sep 2019 to May 2020, Jul 2019, Jun 2019, Mar 2019, Nov 2018 to Feb 2019

**Balance history**

The following data will appear in the following format:
Date: account balance / date payment received / scheduled payment amount / actual amount paid
Apr 2020: $11,313 / No data / No data / No data
Mar 2020: $11,313 / No data / No data / No data
Feb 2020: $11,313 / No data / No data / No data
Jan 2020: $11,313 / No data / No data / No data
Dec 2019: $11,313 / No data / No data / No data
Nov 2019: $11,307 / No data / No data / No data
Oct 2019: $11,268 / No data / No data / No data
Sep 2019: $11,210 / No data / No data / No data
Jul 2019: $11,144 / No data / No data / No data
Mar 2019: $10,967 / No data / No data / No data
Feb 2019: $10,918 / No data / No data / No data
Jan 2019: $10,889 / No data / No data / No data
Dec 2018: $10,841 / No data / No data / No data
Nov 2018: $10,802 / No data / No data / No data
Oct 2018: $10,763 / No data / No data / No data
The original amount of this account was $10,673